IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES N. DRAPER § | |
| § | |
| V. § | A-14-CV-945-LY |
| § | |
| MARK OTT, in his official capacity as § | |
| City Manager, and CITY OF AUSTIN § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Rule 12(b)(1) and 12(c) Motion to Dismiss, or in the Alternative, Motion to Dismiss Defendant Marc Ott Pursuant to Texas Civil Practice and Remedies Code 101.106(a) & (e) (Dkt. No. 9); Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. No. 11); and Defendants' Reply (Dkt. No. 14). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.  Also before the Court are Defendants' Motion for Protection and Stay or Limit Discovery (Dkt. No. 10); Plaintiff's Response (Dkt. No. 12); and Defendants' Reply (Dkt. No 15), which Have been referred for disposition.

**I. Background**

Plaintiff Charles N. Draper ("Draper"), proceeding pro se, brings suit against Defendants City of Austin ("the City") and Marc Ott ("Ott") the City Manager for the City of Austin in his official capacity.  In his Original Complaint, Draper outlines a potpourri of events which he believes establish that Ott has "pursued Draper with a vendetta." Dkt. No. 1 at 7.  Draper alleges that, due to his involvement in a lawsuit against Bank of America "involving a fraudulent loan," his office was burglarized and that an "emasculated buck was deposited" on the doorstep of his commercial

property on Thanksgiving Day 2009. *Id.* at. 2. Draper alleges that "numerous operatives" including individuals from General Motors and Homeland Security burglarized his home at the same time, and that he reported both crimes to the Austin Police Department. *Id.* Draper was also involved in a dispute with a neighbor, which led Draper to bring a defamation suit against that neighbor, with whom he had several exchanges. *Id.* at 3. Draper also called the Austin Police Department regarding the neighbor. He complains that he made a records request to the City of Austin who refused his request. He alleges that the ""public record' has been redacted" regarding his various reports to the Austin Police Department, "under the coercion of Austin's City Manager Marc Ott." *Id.* at 2-3.

Draper also alleges that he was involved in litigation against the City of Austin when it denied his land development applications. *Id.* at 3. He alleges that Ott coerced city employees to lie in affidavits provided in connection with that litigation. It is unclear whether Draper is alleging City employees also lied regarding any of Draper's other numerous lawsuits. *Id.* As part of the alleged vendetta against him, Draper further complains that the City Manager's Office conspired with Austin Energy to charge Draper twice the regular commercial rate and "fraudulently transposed" his commercial account onto his residential account overstating charges by $1000.00. *Id.* at 3-4.

Draper next complains that during the Spring of 2014, Marc Ott's Office of the City Manager encouraged Austin Travis County Integral Care Service to contact Draper to "fabricate a mental health issue." *Id.* at 4. He alleges that Austin Police Department Officer Randy Hunt contacted him via text message and then later by telephone, requesting a meeting. Draper asserts that he refused the meetings. *Id.* at 5. Draper alleges that Ott maliciously and knowingly made false statements to a prosecutor and that the prosecutor acted on the information. *Id.* at 6.

In the Complaint, Draper asserts only one cause of action— a common law claim of malicious prosecution, apparently based on Marc Ott's actions. He requests damages for his emotional distress and a permanent injunction. Although poorly pled, it appears that through the suit Draper is attempting to enjoin any potential attempt to detain him for mental health reasons. Complaint at 7.

## II. Analysis

Defendants move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, contending that there is diversity between the parties, and that Draper has failed to allege a federal question. Additionally, Defendants argue that malicious prosecution is an intentional tort for which Defendants have immunity. Alternatively, Defendants move for judgment on the pleadings pursuant to Rule 12(c), asserting that Draper has failed to state a claim upon which relief may be granted.

### A. 12(b)(1) Standard

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should address the jurisdictional attack before addressing any attack on the merits. *Cloud v. United States*, 536 U.S. 960 (2002).

Draper does not state in his Complaint what the alleged basis for the Court's subject matter jurisdiction is. Defendants assert he cannot establish either diversity or federal question jurisdiction based upon the claims stated in his Complaint, and therefore it is properly dismissed.

### 1. Diversity Jurisdiction

28 U.S.C. § 1332 provides for the original subject matter jurisdiction of federal district courts in all civil actions where the amount in controversy exceeds $75, 000, exclusive of costs and interest and is between citizens of different states. Diversity among parties must be complete and, therefore, no plaintiff may have the same citizenship as any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir. 1981), *cert. denied*, 454 U.S. 972 (1981). Defendants note that the Plaintiff, as well as all defendants, are citizens of Texas, and therefore no diversity jurisdiction exists. Draper responds that he intends to add additional defendants, including General Motors, the Department of Homeland Security, the University of Texas, and Covert Chevrolet, thereby creating diversity. Draper misunderstands the requirements of complete diversity. Since he is a citizen of Texas, as long as at least one defendant is also a Texas citizen, there is no diversity of citizenship in the case, regardless of how many other parties he might join.

### 2. Federal Question Jurisdiction

The only other possible basis for federal jurisdiction would be the presence of a federal question. Federal question jurisdiction is invoked when a plaintiff properly pleads a claim arising under the Constitution or the laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681–85 (1946). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re HotHed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 632, 366 (5th Cir. 1995)). Draper's Original Complaint

alleged only malicious prosecution, which arises under state, and not federal law. From the Complaint, it appears that Draper has failed to plead a federal question.

In Draper's Response, and for the first time, he alleges that Defendants conspired with Officer Hunt to deprive him of his Constitutional right to due process. Draper alleges that Hunt attempted to certify Draper as mentally impaired without giving him due process, in violation of 42 U.S.C. § 1983. A cause of action brought pursuant to § 1983 is sufficient to establish federal question jurisdiction. Draper is proceeding pro se, so the Court gives his briefs "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). "When a pro se plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint under FED. R. CIV. P. 15(a)." *King v. Life School*, 809 F.Supp.2d 572, 581 (N.D. Tex. 2011); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008) (collecting cases). Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The undersigned will therefore construe Draper's response to the motion to dismiss as a request for leave to amend his complaint to add a claim under 42 U.S.C. § 1983. The question the Court must resolve is whether that claim would be futile. The relevant language of the reply with regard to this claim states:

> Austin City Manager, Marc Ott, acted outside of the scope of his legal authority, by performing an executive "proprietary act"; the malicious prosecution of the plaintiff, over the course of several years, with the malicious intention of "unconstitutional

> detainment," violating plaintiff's civil rights to due process.  The state, Marc Ott, and City of Austin, "symbiotic relationship" on executive action, engaged in joint activity with private parties, Officer Hunt and Austin Travis County Integral Care Service, that resulted in the deprivation of plaintiffs constitutional rights [citations omitted], which are protected by Federal Civil Rights Act. Marc Ott is culpable, and accountable for acts of malice, under his executive action.
>
> * * *
>
> The Due Process Clause, under Fourteenth Amendment, Section 1 of the United States Constitution limits state powers, protects actions involving, concerted activities between state actor (defendants) and private actors (Officer Hunt, and Austin Travis County Integral), towards depriving plaintiff's individuals of due process. The critical element is, the interdependence of the state and the private actor. Defendants had a "symbiotic relationship" with Officer Hunt and Austin Travis County Integral Care Service, which violated plaintiffs right to due process under Fourteenth Amendment. [citations omitted]. . . . In Def Mo. to Dismiss, p. 8 of 14, Defendants contend; "To establish liability, a plaintiff must "identify a policy, connect the policy to the city itself and show that the particular injury incurred because of the execution of that policy." [citations omitted].  Plaintiff's Original Complaint emphasizes, Officer Hunt and Austin Travis County Integral Health dogged attempted, to certify Draper as mentally impaired, was without just-cause, or due process. Clearly, this policy connects the City (state) with Austin Travis County Integral Health (private parties) in a coordinated attack on Draper's constitutional civil rights.

Dkt. No. 12 at 2-3.  Draper furthers states that:

> Plaintiff sued defendants for malicious prosecution, a civil right violation, protected under the U.S. Constitution Fourteenth Amendment, Section 1. Plaintiffs claims is substantially based on federal law, namely, the Federal Civil Rights Act, Title 42 §1983, and Title 28 U.S.C. §1343.

*Id.*

" 'Malicious prosecution' " as such and standing alone, 'is no violation of the United States Constitution,' and thus provides no basis for relief under 42 U.S.C. § 1983." *Ahmed v. City of Houston*, 2014 WL 5460590, *2 (S.D. Tex. Oct.27, 2014) (quoting *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003)).  Still, "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the

6

accused is seized and arrested, for example." *Castellano*, 352 F.3d at 953. While such claims may be made under 42 U.S.C. § 1983, "they are not claims for malicious prosecution and labeling them as such only invites confusion." *Id.* at 953–54.[1]

Draper has consistently asserted that he is claiming malicious prosecution. Although he claims that "Defendants, Mark Ott, made knowingly false information to a prosecutor, and the prosecutor acted ion the false information," he has not asserted that any criminal charges have been lodged against him or that he has been arrested or incarcerated. Rather, Draper focuses his Complaint on the outreach attempts of Austin Travis County Integral Care Services – which does not incarcerate individuals, but focuses on community outreach to the mentally ill. *See* http://www.integralcare.org/content/integrated-services. He also focuses on the actions of Austin Police Department Office Randy Hunt, who is a member of the Crisis Intervention Team, which, according the 211 service provider website, "provides assistance for people in a mental health crisis who are a danger to themselves or to another person. Officers have mental health training, and will assess and resolve the immediate crisis, and if necessary link the individuals with appropriate resources for ongoing assistance. . . ." http://www.211texas.org/zf/profile/service/id/1308828.

The Supreme Court has established that involuntary commitment in a mental health facility can constitute a deprivation of liberty that requires the protections of due process. *See Addington v. Tex.*, 441 U.S. 418, 425 (1979) ("civil commitment for any purpose constitutes a significant

---

[1]To establish a Texas common law claim for malicious prosecution, the plaintiff must show: (1) a criminal action was commenced against him; (2) the prosecution was caused (initiated or procured) by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff. *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir.1994), overruled in part by *Castellano*, 352 F.3d 939; *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 518 (Tex. 1997).

deprivation of liberty that requires due process protection"); *Dahl v. Akin*, 630 F.2d 277, 279 (5th Cir. 1980). To prove a procedural due process violation in the involuntary commitment context, a plaintiff must allege: (1) the existence of a liberty or property interest that has been subject to interference by the state, and (2) that the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1990). In this case, Draper has not alleged that he has been subjected to an involuntary commitment—he merely alleges that he fears it will occur at a future date. Draper pleads that he refused to meet with Hunt on two occasions.[2] Without any state interference with his liberty, Draper cannot state a Fourteenth Amendment due process violation or a cause of action pursuant to 42 U.S.C. § 1983. Since he cannot adequately plead a basis for federal question jurisdiction, Draper's claims are properly dismissed for lack of subject matter jurisdiction.

### B. Pending Discovery Issues

Defendants also move to stay discovery until the Court resolves the issue of subject matter jurisdiction raised in their Motion to Dismiss. Dkt. No. 10. Additionally, Defendants move for protection because Draper has served discovery on them prior to a Rule 26(f) conference. Draper responds that this case is exempted from the requirements of initial disclosures pursuant to Rule 26(a)(1)(B)(i) since it is "an action for review of an administrative record." He also argues that since the City of Austin inaugurated a new mayor and city council in 2015, it is important that he act quickly in this case so that discovery will remain available.

---

[2] Draper states in his Complaint, that he stated to Hunt, in response to a request for a meeting, "I am not going to meet with your rodeo clown. I am willing to have a third party intermediary, Honorable Justice Sam Sparks review the dispute, and make recommendation on the City of Austin's malicious prosecution." Complaint at p. 5.

Draper's arguments lack merit. This is not an action to review an administrative record subject to any exception in Rule 26. Moreover, the change in the City's administration has already occurred, and the Court has no reason to believe that this change would result in the unavailability of evidence relating to this case. Lastly, but most importantly, the undersigned is recommending that the case be dismissed for lack of subject matter jurisdiction, which would make any discovery unnecessary. In light of this recommendation, the Court will **GRANT** Defendants' Motion for Protection and Stay or Limit Discovery (Dkt. No. 10), and **ORDERS** any discovery stayed until such time as the District Court rules on this Report and Recommendation.

## III. Recommendation

The undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** Defendants' Rule 12(b)(1) and 12(c) Motion to Dismiss, or in the Alternative, Motion to Dismiss Defendant Marc Ott Pursuant to Texas Civil Practice and Remedies Code 101.106(a) & (e) (Dkt. No. 9), and **DISMISS** this case against all Defendants for lack of subject matter jurisdiction.

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of February, 2015.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE